UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANDIS CAGE,

    *Plaintiff,*

v.

CURTIS BEARD, JILL KLINE, KELSIE SCHAFER, YOUNG, RHONDA HOWARD, JACKSON, KEVIN TOLSMA, VINCENT LIBIRAN, GRIFFIN, EMILY MINNICK, HADDEN, JONES, RACHEL THOMPSON, SANDRA WILSON, ANTHONY KING, EDWARD HEAP, BRIAN SHIPMAN, MELISSA JENNINGS, JEROME WARFIELD, ROBIN DUIKER, J. KLUDY, WINGER, R. SELLERS, R. KITCHEN, APRIL MCLAUGHLIN, JAMES SCHIEBNER, MARTI KAY SHERRY, and JAMES KISSINGER,

    *Defendants.*

Case No. 2:23-cv-11575

Linda V. Parker
United States District Judge

Patricia T. Morris
United States Magistrate Judge

_____/

## **REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DISMISS** Defendants Sandra Wilson, Anthony King, Edward Heap, Brian Shipman, Melissa Jennings, and Jerome Warfield from this action *sua sponte* under 28 U.S.C. §

1

1915(e)(2) for failure to state a claim upon which relief can be granted. In addition, I recommend that all official capacity claims be **DISMISSED**.

## II. REPORT

### A. INTRODUCTION

Plaintiff filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 30, 2023. (ECF No. 1.) The Defendants in this case include a group of Defendants (Wilson, King, Heap, Shipman, Jennings and Warfield) who "were at all times giving rise to this action members of the Michigan Parole Board…and are sued in their individual and official capacities." (ECF No. 1, PageID.16-17.) The remaining Defendants are also all sued in their individual and official capacities. (ECF No. 1, PageID.15-18.) Plaintiff seeks a declaration "that an inmate who has never been convicted of a sex crime [will not be] classif[ied] as a sex offender with MSOP placement" and "compensatory, punitive and exemplary damages of $50,000.00 from each defendant separately, plus $1,000 per day for every day Plaintiff has been confined for denial of parole based upon not completing MSOP." (ECF No. 1, PageID.26.)

### B. LEGAL STANDARD

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016).

That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A civil rights action under 42 U.S.C. § 1983 or *Bivens* consists of two elements (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

---

[1] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. *See* Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id*. at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

### C. ANALYSIS

Defendants Wilson, King, Heap, Shipman, Jennings and Warfield are sued because they were all members of the Michigan Parole Board who "denied release [to Plaintiff] on three occasions solely because he has not completed MSOP to which Plaintiff should never have been classified." (ECF No. 1, PageID.20.) These defendants are entitled to immunity. "Parole board members [] enjoy absolute immunity when performing adjudicatory functions." *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005); accord, *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)("parole board members are absolutely immune for their conduct in individual parole decisions when they are exercising their decision making powers.") Therefore, these Defendants should be dismissed from this action.

In addition, the official capacity claims should be dismissed. A lawsuit "against a governmental officer 'in his official capacity' is the same as a suit against the entity of

which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, suing employees of state agencies or their political subdivisions in an official capacity is the same as suing the State of Michigan. The law is clear that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute or expressly in § 1983, *see Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), I suggest that the claims against Defendants in their official capacity are barred by Eleventh Amendment immunity and should be dismissed.

## III. CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Defendants Sandra Wilson, Anthony King, Edward Heap, Brian Shipman, Melissa Jennings, and Jerome Warfield from this action *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. In addition, I recommend that all official capacity claims be **DISMISSED**.

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 13, 2024                               S/PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge