UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANDIS CAGE,

    Plaintiff,                              Case No. 23-cv-11575
                                           Honorable Linda V. Parker

v.

CURTIS BEARD, et al.,

    Defendants.
_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS (ECF NO. 22) TO MAGISTRATE JUDGE'S JANUARY 17, 2024 ORDER (ECF NO. 19)**

Plaintiff commenced this lawsuit against Defendants on June 30, 2023. Plaintiff claims that he has received an erroneous sex offender classification by prison officials at the various Michigan Department of Corrections facilities where he has been incarcerated while serving a two-to-ten year prison sentence. The case was stayed until January 11, 2024, while it was considered for the Court's Pro Se Prisoner Mediation Program. (*See* ECF Nos. 7, 16.) In the interim, Plaintiff filed a motion for the appointment of counsel. (ECF No. 14.) The matter has been referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 17.)

On January 17, 2024, Magistrate Judge Morris issued an order denying Plaintiff's motion. (ECF No. 19.) Magistrate Judge Morris reasoned that the case is at an early stage, Plaintiff's Complaint demonstrates that he can clearly state his claims, the factual and legal issues are not complex, and Plaintiff has not articulated other exceptional circumstances warranting counsel's appointment. (*Id.* at PageID. 100.) Magistrate Judge Morris denied the motion without prejudice, however, informing Plaintiff that he may request the appointment of counsel in the future if the circumstances change. (*Id.*) Plaintiff has filed an objection to the order. (ECF No. 22.)

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "contrary to law" standard requires the court

2

to "exercise its independent judgment with respect to a [m]agistrate [j]udge's legal conclusions[,]" and "overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal citations and quotations omitted); *see also Wiggins v. Argent Mortg. Co.*, No. 11-cv-15118, 2012 WL 2992602, at *2 (E.D. Mich. July 20, 2012) (citing *Gandee*, 785 F. Supp. at 686) (explaining that, in the absence of binding Sixth Circuit or Supreme Court precedent contrary to the magistrate judge's decision, the decision was not contrary to law).

The Court has carefully reviewed Magistrate Judge Morris' order and concludes that it is neither clearly erroneous nor contrary to law.  "The appointment of counsel in a civil proceeding is not a constitutional right and is justified *only* in exceptional circumstances."  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993)) (emphasis added).  For the reasons articulated by Magistrate Judge Morris, exceptional circumstances are not apparent here, at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections to Magistrate Judge Morris' January 17, 2024 Order are **REJECTED** and the decision is **AFFIRMED**.

                                                                     s/ Linda V. Parker  
                                                                     LINDA V. PARKER  
                                                                     U.S. DISTRICT JUDGE

Dated: February 13, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 13, 2024, by electronic and/or U.S. First Class mail.

                                                                     s/Aaron Flanigan  
                                                                     Case Manager