UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LANDIS CAGE, | Case No. 2:23-cv-11575 |
| *Plaintiff*, | Brandy R. McMillion |
| v. | United States District Judge |
| CURTIS BEARD, et al., | Patricia T. Morris |
| | United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

**REPORT AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 56)
AND
TO DENY AS MOOT PLAINTIFF'S MOTIONS (ECF Nos. 62, 63, 64, 65)**

## I. RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that defendants' motion for summary judgment (ECF No. 56) be **DENIED**. If adopted, Landis Cage's related motions (ECF Nos. 62, 63, 64, 65)[1] should be **DENIED AS MOOT**.

## II. REPORT

### A. Introduction

---

[1] These motions ask for additional time to respond to Defendants' motion for summary judgment and for court assistance in obtaining discovery regarding the exhaustion issue but since exhaustion is an affirmative defense and since the Undersigned recommends that Defendants have not established that affirmative defense, if the Court agrees with the recommendation, these motions are moot.

1

Cage, proceeding *pro se*, filed this § 1983 action alleging that he has been labeled by defendants—Michigan Department of Corrections ("MDOC") employees—as a sex offender even though he has never been convicted of a sex crime. (ECF No. 1). The allegations implicate numerous MDOC employees spanning across multiple correctional facilities. (*Id.*). Cage asserts that defendants' actions have violated his rights under the Fifth and Fourteenth Amendments. (*Id.*).

### B. Instant Motions

All defendants other that those employed at Bellamy Creek Correctional Facility ("IBC") have filed a joint motion for summary judgment on the basis of exhaustion (ECF No. 56) to which Cage says he cannot respond because he has yet to be provided with copies of all of his grievances and related documents (ECF Nos. 62, 63, 64). The nonmoving, IBC defendants are psychologist Emily Minnick, Assistant Deputy Warden Brian Hadden, Assistant Deputy Warden Sabrina (Davis) Jones, and prison counselor Rachel Thompson. (ECF No. 56, PageID.196).

The undersigned notes that moving defendants did not attach all of Cage's grievances and related documents to their motion. Instead, in their brief, moving defendants included a chart purporting to summarize the contents of every grievance pursued through Step III of the MDOC grievance process (*Id.* at PageID.197–99), a Step III Grievance Report identifying the grievance number and relevant dates for all grievances pursued through Step III (ECF No. 56-3, PageID.224–25), and copies

2

of what they believe are the "relevant grievances" and related documents (meaning grievances that have completed the third step of the MDOC process) (*Id.* at PageID.226–56).

In other words, moving defendants did not provide the Court with Step I grievances that either were not appealed through all three steps of the MDOC process or that have not yet been responded to at Step III. Cage argues that moving defendants "failed to present this Court with the controlling documents, (Step I Grievance[s] and Respons[es]) which are directly and explicitly relevant to a question of failure to exhaust[.]" (ECF No. 64, PageID.279).

### C. Standard of Review

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would affect "the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there . . . are any genuine factual issues that properly can be resolved only by a finder of fact . . . ." *Id.* at 249–50, 255. Accordingly, "the evidence, all facts, and any inferences that may be drawn from the facts" must be viewed "in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95

3

F. App'x 132, 135 (6th Cir. 2004). The nonmoving party cannot rebut a Rule 56 motion by merely alleging that a genuine factual dispute exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986) (quoting Fed. R. Civ. P. 56(e)). Instead, the nonmoving party must show that there is sufficient evidence in the record for "a reasonable finder of fact [to] find in its favor." *Anderson*, 477 U.S. at 248.

### D.     Analysis

Moving defendants argue that the Court should grant summary judgment without reaching the merits of Cage's claims against them because he failed to exhaust his administrative remedies before filing his complaint, as required by the Prison Litigation Reform Act ("PLRA").

Under the PLRA, prisoners may not bring actions against prison officials to challenge the conditions of their confinement without first exhausting their administrative remedies. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). And not only must prisoners exhaust their administrative remedies before filing a complaint, but they must do so "properly," meaning that they must "compl[y] with an agency's deadlines and other critical procedural rules. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006).

Because exhaustion is an affirmative defense, prison officials, not inmates, carry the burden proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Until a defendant proves otherwise, the Court must presume that the prisoner properly exhausted his

4

or her administrative remedies before filing suit. *Id.*; *see also Napier v. Laurel Cnty.*, 636 F.3d 218, 225 (6th Cir. 2011).

> Because defendants carry the burden of proof for exhaustion, they bear an "initial summary judgment burden [that] is higher in that [they] must show that the record contains evidence satisfying [their] burden of persuasion" and "that no reasonable jury would be free to disbelieve it." *Doe v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019) (quoting *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)). Summary judgment is appropriate in this context only if "there is no genuine dispute of material fact that the plaintiff failed to exhaust." *Id.* at 961 (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

*Morgan v. Trierweiler*, 67 F.4th 362, 366 (6th Cir. 2023). In sum, "failure to exhaust is an affirmative defense that the defendants must plead and prove by a preponderance." *Reed v. Parsons*, No. 6:23-CV-127-REW, 2024 WL 3404607, at *3 (E.D. Ky. July 11, 2024).

Here, moving defendants have not met this burden. Unlike a party who seeks summary judgment on an issue on which its opponent carries the burden of proof, a defendant moving for summary judgment on an affirmative defense cannot simply assert an absence of evidence and leave its opponent to its proofs. *See id.*; *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001). That is so even where the affirmative defense at issue requires the defendant to prove a negative, such as a prisoner's failure to exhaust. *Napier*, 636 F.3d at 225; *see Lamb v. Kendrick*, 52 F.4th 286, 294–95, 298 (6th Cir. 2022); *accord Mercado v. Dep't of Corr.*, No. 3:16-CV-1622, 2018 WL 2390139, at *6 (D. Conn. May 25, 2018). While proving the

5

absence of evidence may often be a difficult task, "[a]t the end of the day, someone must carry the burden" of proving or disproving exhaustion, and the PLRA reflects Congress's judgment that "it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion." *Lamb*, 52 F.4th at 295 (internal quotation marks omitted); *see Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

While moving defendants have provided the Court with Cage's Step III Grievance Report and the grievances that have completed the three-step MDOC process, Cage argues that his Step I grievances that have not proceeded through all three steps are also relevant to this Court's decision (ECF No. 65, PageID.279). Moving defendants' failure to provide the Court with Cage's *entire* grievance record deprives if of the ability to review the contents of each grievance and assess whether Cage at least attempted to exhaust his administrative remedies for the claims asserted in his complaint. This is problematic because

> [a]lthough the PLRA's exhaustion requirement is strictly construed, the statute "contains its own, textual exception to mandatory exhaustion" that applies when remedies are not "available." *Ross v. Blake*, 578 U.S. 632, 642, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016). That is, an inmate must only exhaust available remedies, not unavailable ones. *Id.* (citing 42 U.S.C. § 1997e(a)).

*Lamb*, 52 F.4th at 292.

As part of assessing a plaintiff's claim that administrative remedies were unavailable, a court must ascertain whether the plaintiff made "affirmative efforts to

6

comply with the administrative procedures." *Id.* at 293 (internal quotation marks and citations omitted). "When a prisoner makes affirmative efforts to comply but does not succeed, [the court must] analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (internal quotation marks and citations omitted); *see also Napier*, 636 F.3d at 224 (noting that "the only way to determine if the process was available, or futile, was to try"). Without reviewing Cage's entire grievance record, the Court is unable to undertake such an analysis.

Moving defendants' failure to provide the entire grievance file is particularly concerning here, where Cage suggests that he has filed relevant grievances that have not been provided to him nor filed with the Court and is thus seeking the Court's assistance in obtaining these documents. (ECF Nos. 62, 63, 64). As Cage says in one of his filings, "[i]t is grossly unfair for defendants to have and withhold documents which would allow [him] to defeat defendants['] summary [judgment] motion." (ECF No. 62, PageID.268). Cage also correctly notes, "[t]hat is, without the other steps of the grievance process, or all of the grievances from Bellamy Creek Correctional Facility, Muskegon Correctional Facility, or Parnell Correctional Facility, the Court[] and [he] cannot address opposing counsel['s] unsupported claim." (ECF No. 64, PageID.281). Ultimately, Cage has submitted a filing signed under penalty of perjury stating that his Step I grievances show that he attempted to exhaust administrative remedies that were at those times unavailable to him. This is

7

enough to survive the instant motion for summary judgment on the basis of exhaustion. *See Lamb*, 52 F.4th at 298–99 ("But taking the allegations in Lamb's affidavit as true and drawing all reasonable inferences in his favor, a jury could conclude that Lamb's efforts to comply with steps one and two were sufficient under the circumstances and that prison officials rendered those steps unavailable. That is enough to survive summary judgment at this stage of the case." (citation omitted)).

### E. Conclusion

For these reasons, **IT IS RECOMMENDED** that defendants' motion for summary judgment (ECF No. 56) be **DENIED**. If adopted, Cage's related motions (ECF Nos. 62, 63, 64) should be **DENIED AS MOOT**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 11, 2024                    s/ Patricia T. Morris
                                            Patricia T. Morris
                                            United States Magistrate Judge