UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANDIS CAGE,

    Plaintiff,

Case No. 2:23-cv-11575
Hon. Brandy R. McMillion

v.

Mag. Judge Patricia T. Morris

CURTIS BEARD, *et al.*,

    Defendants.

_____/

**<u>ORDER ADOPTING RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 67), OVERRULING DEFENDANTS' OBJECTIONS (ECF NO. 71), DENYING AS MOOT PLAINTIFF'S MOTIONS (ECF NO. 62, 63, 64, 65) AND DENYING THE NON-PARTIES' MOTION TO QUASH PLAINTIFF'S SUBPOENAS (ECF NO. 68)</u>**

Plaintiff Landis Cage ("Cage") filed this *pro se* § 1983 action against Michigan Department of Corrections employees (collectively, "Defendants") alleging that they labeled him as a sex offender even though he has never been convicted of a sex crime. *See generally* ECF No. 1. Cage claims that in doing so, Defendants have violated his rights under the Fifth and Fourteenth Amendments. *Id.*

This matter was originally assigned to the Honorable Linda V. Parker who referred all pretrial matters to Magistrate Judge Patricia T. Morris. ECF No. 17. On March 20, 2024, all Defendants, other than those employed at Bellamy Creek Correctional Facility, filed a joint motion for summary judgment on the basis of

1

exhaustion. ECF No. 56. The case was reassigned to the undersigned on April 2, 2024, and on April 3, 2024, the undersigned re-referred the case to Magistrate Judge Morris, including the motion for summary judgment. ECF No. 58. On August 19, 2024, Cage responded to Defendants' motion. ECF No. 64.

Magistrate Judge Morris issued a Report and Recommendation ("R&R") recommending the Court deny Defendants' motion. ECF No. 67. On October 10, 2024, Defendants filed their objections to the R&R. *See* ECF No. 71.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Defendants' arguments are without merit and accepts the recommendation of Magistrate Judge Morris. Accordingly, the Court will **ADOPT** the recommended disposition of the R&R and **DENY** Defendants' Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 56).

Additionally, the Court is **DENYING AS MOOT** Cage's motions (ECF Nos. 62, 63, 64, and 65) relating to an extension of time to respond to the motion for summary judgment and seeking the Court's assistance in obtaining grievances to respond to the motion for summary judgment. Nonetheless, the Court is also **DENYING** Non-Parties Hawkins, Cobb, Flynn, Brooke, Barnes and Ryder's Motion to Quash Plaintiff's Subpoenas (ECF No. 68), as those subpoenas relate directly to requests for the entire grievance record, which is relevant to the claims raised in this litigation.

I.

Defendants move for summary judgment, arguing that Cage failed to exhaust his administrative remedies before bringing this action. *See* ECF No. 56. The motion was fully briefed. ECF Nos. 64, 66. Magistrate Judge Morris issued a R&R suggesting that the motion be denied because Defendants failed to provide Cage's entire grievance record and thus did not meet their burden of demonstrating they were entitled to summary judgment. *See generally* ECF No. 67. Specifically, the R&R reasoned that by only providing Cage's Stage III grievance report and copies of "relevant grievances" that had completed the three-step MDOC process, Defendants did not prove—such that no reasonable jury could find otherwise—that Cage failed to exhaust his administrative remedies. ECF No. 67, PageID.299; *see also* ECF No. 56-3.

II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*,

3

932 F.2d 505, 509 (6th Cir. 1991).  Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013) (citations omitted).  The Court also need not undertake any review of portions of a report to which no party has objected.  *See Thomas*, 474 U.S. at 153.  However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation.  *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Defendants lodge two objections to Magistrate Judge Morris's R&R.  *See* ECF No. 71.  The Court overrules both objections and will address each objection in turn.

**Objection 1**:  Defendants object to the burden the R&R placed on them to show that Cage did not properly exhaust administrative remedies.  ECF No. 71, PageID.357-362.  They also object to the R&R's finding that they did not sufficiently

4

meet that burden by failing to provide Cage's Step I and II grievance records. *Id*. at PageID.357.

According to Defendants, once they have shown the "general availability of administrative remedies" their burden of proving exhaustion is satisfied and the burden shifts to the prisoner to demonstrate that there is some particular reason why the administrative remedies were "effectively unavailable to him." *Id.* at PageID.358 (quoting *Alexander v. Calzetta*, No. 2:16-cv-13293, 2018 WL 8345148, at *6 (E.D. Mich. Nov. 30, 2018)). Defendants argue that "the only relevant grievances [needed] to show the general availability of the grievance process are Cage's Step III grievances," which they provided with their motion. *Id.* at 359. The Court disagrees with this objection for two reasons.

First, Defendants ignore that the Sixth Circuit has explicitly rejected the burden shifting scheme suggested in their objection. *See Lamb v. Kendrick*, 52 F.4th 286, 295 (6th Cir. 2022) ("The Sixth Circuit has never adopted a burden-shifting approach for the affirmative defense of PLRA exhaustion, holding instead that if the plaintiff contends that he was prevented from exhausting his remedies, the defendant must present evidence showing that the plaintiff's ability to exhaust was not hindered.") (internal quotations omitted).

Second, Defendants ignore that because exhaustion is an affirmative defense, they carry the burden of demonstrating whether Cage, in fact, failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). Cage's Step I and II grievances are

5

relevant to that inquiry. Attempts to exhaust that are prevented by prison officials are sufficient to defeat the failure to exhaust defense. *See Lamb*, 52 F.4th at 298; *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 226 (6th Cir. 2011) (holding that defendants carried their burden of establishing failure to exhaust because they proved that an administrative remedy was available and "because [prisoner plaintiff] did not even *attempt* to exhaust that remedy."). The Sixth Circuit in *Lamb* held that to win on summary judgment, defendants must produce "irrefutable evidence" demonstrating that they did not prevent the prisoner-plaintiff from exhausting his administrative remedies. *Lamb*, 52 F.4th at 298. Without Cage's entire grievance file, a reasonable jury could find that Defendants have failed to meet their burden of demonstrating Cage failed to exhaust his administrative remedies. Thus, the Court agrees with the R&R that Defendants are not entitled to summary judgment.

**Objection 2:** Defendants also object to the R&R's reliance on Cage's "belated and conclusory representations." ECF No. 71, PageID.364. Essentially, Defendants object to Magistrate Judge Morris considering Cage's response because (1) it was filed after the deadline set by the Court (*see* Dkt., May 13, 2024, Text-Only Order ("Response due by 6/28/2024"); *see also* ECF No. 64); and (2) it was "entirely conclusory" and "does not provide any documentary evidence to show that [Cage] made any efforts . . . to exhaust his administrative remedies." ECF No. 71, PageID.363-364.

6

As for Defendants' first argument, while the Court is not required to consider an untimely response, it has discretion to do so. *See e.g., A.T. by & through B.G. v. Cleveland City Sch. Bd. of Educ.*, No. 1:22-CV-110-TAV-SKL, 2024 WL 4333685, at *2 (E.D. Tenn. Sept. 27, 2024); *Est. of Overbey v. Licking Cnty., Ohio*, No. 2:13-CV-0671, 2015 WL 1611163, at 1 (S.D. Ohio Apr. 10, 2015) ("This Court has substantial discretion to excuse a late filing."). Noting that the Sixth Circuit has a "strong preference for adjudications of matters on the merits," this Court finds that the R&R's consideration of Cage's response, to the extent that it did so consider, was permissible. *Mann v. Mohr*, 802 F. App'x 871, 877 (6th Cir. 2020).[1] Even if the response were not considered, "the Court could not grant the summary judgment motion just because it stood unopposed." *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991) (holding, pursuant to Fed. R. Civ. P. 56, "the movant must always bear [their] initial burden regardless if an adverse party fails to respond"). As the Court articulated in its rejection of Objection 1, Defendants did not support their motion for summary judgment with sufficient evidence to meet their burden.

As for Defendants' second argument, the Court has already explained in its rejection of Objection 1 that Cage is not required to produce documentary evidence that he attempted to exhaust his administrative remedies to survive the motion for

---

[1] The Court notes that Defendants Objections were also untimely, as they were filed on October 10, 2024, a day after the extended deadline that Defendant requested, October 9, 2024. *See* ECF Nos. 69, 70. While the Court is not required to consider this untimely filing, as with Cage's late response, this Court finds that considering all filings to review a complete record to reach an adjudication on the merits is in all parties' best interest.

summary judgment, because that burden falls on Defendants as the party raising failure to exhaust as an affirmative defense. *See supra*, p. 4-6; *see also Lamb*, 52 F.4th at 296 ("[A] prisoner's sworn affidavit, standing alone, may create a genuine dispute of material fact that forecloses summary judgment on exhaustion even if the record lacks corroborating evidence.").

Consequently, both of Defendants' objections are overruled.

## IV.

This brings the Court to the issue of Cage's continued requests to receive his entire grievance record. Cage has filed two separate motions for the Court's assistance in obtaining discovery materials. *See* ECF No. 62, 63. The motions relate directly to his requests for his entire grievance records but are couched in needing them to respond to Defendants' motion for summary judgment. Magistrate Judge Morris recommends denying these motions as moot (along with the request for more time to respond to the summary judgment motion (ECF Nos. 64, 65)) based on her recommended denial of the summary judgment motion. *See* ECF No. 67, PageID.301.

Relatedly, several Non-Party MDOC employees (Hawkins, Cobb, Flynn, Brooke, Barnes and Ryder) filed a Motion to Quash Plaintiff's Subpoenas arguing that they received subpoenas for grievance records from Cage that did not adequately meet the standards of Rule 45 of the Federal Rules of Civil Procedure. *See generally* ECF No. 68. They argue that the subpoenas were improperly served by mail (not

8

personally), they were vague and failed to identify the specific grievances requested, and that it was unduly burdensome to have to produce the information because Magistrate Judge Morris had already issued a recommendation on the motion for summary judgment. *Id*. The Court is not persuaded by these arguments.

As a *pro se* litigant, the Court will afford Cage more latitude than a represented party. *See Spotts v. United States*, 429 F.3d 248 (6th Cir. 2005) (construing *pro se* plaintiff's filings liberally); *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). *But cf. Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) (declining special consideration for *pro se* plaintiff who failed to adhere to court deadlines because plaintiff's failure did not result from "any lack of legal training."). It is clear that Cage is seeking his entire grievance record so that he may support his claims in this litigation, including defending against the argument that he has not exhausted his administrative remedies. That the Magistrate Judge has made a recommendation to deny the motion for summary judgment does not preclude Cage from seeking this information. This is even more so because denial of the motion means that the case continues. Cage may need this information to continue in the litigation. And the Court finds that it is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The Court will therefore order its production, but will limit the production to grievance records (including all stages of the grievance process) filed from 2019 to 2024 that relate to Cage's claims in the current litigation – that he was improperly

labeled as a sex offender. As such, the Court will deny the Motion to Quash and order that Cage's grievance records be produced.

V.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Morris' Report and Recommendation (ECF No. 67). Defendants' Motion for Summary Judgment (ECF No. 56) is **DENIED**. Defendants' Objections (ECF No. 71) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Cage's related motions (ECF Nos. 62, 63, 64, and 65) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Non-Parties Hawkins, Cobb, Flynn, Brooke, Barnes and Ryder's Motion to Quash (ECF No. 68) is **DENIED**. The Non-Parties are **HEREBY ORDERED** to produce to Cage any and all grievance records (including documentation for all steps of the grievance process) from 2019 to 2024 that are related to Cage's claims that he was labeled as a sex offender.

**IT IS SO ORDERED.**

Dated: November 13, 2024	s/Brandy R. McMillion
	Brandy R. McMillion
	United States District Judge