**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LANDIS CAGE,                                    Case No. 2:23-cv-11575

        *Plaintiff,*                          Brandy R. McMillion
*v.*                                            United States District Judge

CURTIS BEARD, et al.,                           Patricia T. Morris
                                                United States Magistrate Judge

        *Defendants.*

_____/

## REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE, TO DENY PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 97) and TO DENY DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT AS MOOT (ECF No. 86)

### I.     RECOMMENDATION

For the reasons stated below, **I RECOMMEND DISMISSING** this case this case *sua sponte* and without prejudice under Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for failure to prosecute. **I FURTHER RECOMMEND** that Plaintiff's motion for appointment of counsel (ECF No. 97) be **DENIED** and that Defendant's unopposed motion for summary judgment (ECF No. 86) be **DENIED AS MOOT**.

### II.    REPORT

#### A.    Background

1

This is a prisoner civil rights case and Plaintiff is proceeding *pro se.* Several Defendants were previously dismissed from the case and the current Defendants have filed a motion for summary judgment. (ECF No. 86.) The court directed Plaintiff to file a response to the motion by July 2, 2025. (ECF No. 88.) Plaintiff moved for an extension of time and the court granted the motion, giving Plaintiff until August 20, 2025. (ECF Nos. 90, 92.)

Plaintiff filed a letter from his psychiatric provider which requested, on Plaintiff's behalf, for the court to stay the case for 90 days so that Plaintiff could continue treatment. (ECF No. 93.) On October 2, 2025, the Court entered an Order granting Plaintiff's request for a 90 day stay and further ordering that "[b]efore the expiration of the stay, Cage must file either (1) a response to the pending motion for summary judgment [ECF No. 86] containing his signature or (2) an appearance from an attorney on his behalf."  (ECF No. 94, at PageID.759.) Plaintiff was warned that if he "fails to make such a filing before the expiration of the stay, then it will be recommended that the case be dismissed without prejudice for failure to prosecute." (*Id.*) To date, no response or appearance has been filed. Instead, Plaintiff has another motion for appointment of counsel (ECF No. 97)

## B.    Legal Standard

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules

or any order of the court." "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.' " *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

### C.    Analysis

The Sixth Circuit employs four factors to determine whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

3

Regarding the first factor, Plaintiff actively prosecuted his case even after his request for a stay was granted. Therefore, although he alleged that he could not function well enough to prosecute his case in September 2025 (ECF No. 93) and the Court granted him a stay on October 2, 2025 (ECF No. 94), on November 5, 2025, and again on December 16, 2025, Plaintiff was able to file two cogent motions for appointment of counsel on his own behalf. (ECF No. 95. 97.) In addition, I note that the conditions that he cites as preventing him from prosecuting his own case are not new, he has been suffering from mental health issues and yet has been able to prosecute his cases in the recent past. Therefore, his inactivity seems to be at least partially of his own volition and not due to reasons beyond his control. Thus, the first factor weighs in favor of dismissal. *See Daniels v. Napoleon*, No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor weighed in favor of dismissal where court warned the *pro se* plaintiff "that his case would be dismissed with prejudice if he failed to file a response to [the d]efendants' motion for summary judgment or a response to the Court's Order to Show Cause").

I further find that the Defendants are prejudiced by this conduct because they have to expend time and resources in defending and monitoring the case. In addition, Plaintiff was specifically warned that his failure to file a response or find an attorney that would file an appearance on his behalf before the expiration of the stay would result in his case being dismissed. Yet, Plaintiff has not even made an attempt to file

4

a response to the motion over these many months that he has been given time to do so. I note that Plaintiff indicates he has tried to find a lawyer but has been unsuccessful. (ECF No. 97.) However, there is no reason why he could not file any type of response to the motion for summary judgment when he has been able to file several other motions for counsel. (ECF Nos. 95, 97.) Thus, the third factor also weighs in favor of dismissal. The Undersigned entered an order explicitly instructing Plaintiff that he must "show cause in writing as to why the [Undersigned] should not recommend dismissing his claims for failure to prosecute and for failure to comply with a court order." (ECF No. 80, PageID.696). As to fourth factor, Plaintiff has been given several and lengthy extensions since July 2025 and still has not complied with the basic requirement to file a response, despite his ability to file two other motions during this same extended time period. Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"). The fourth factor therefore weighs in favor of dismissal. In sum, all four factors weigh in favor of dismissal for failure to prosecute.

5

For these reasons, **I RECOMMEND DISMISSING** this case *sua sponte* and without prejudice under Rule 41(b) and Local Rule 41.2 for failure to prosecute. Additionally, **I RECOMMEND** that Plaintiff's motion for appointed counsel be **DENIED** (ECF No. 97) and that Defendant's unopposed motion for summary judgment (ECF No. 86) be **DENIED AS MOOT**.

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2026

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge