## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LANDIS CAGE,

      Plaintiff,

                                    Case No. 2:23-cv-11575
                                    Hon.  Brandy R.  McMillion

v.

                                    Mag. Judge Patricia T. Morris

CURTIS BEARD, *et al.*,

      Defendants.

_____/

## ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 98) AND DISMISSING THE CASE WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2 FOR FAILURE TO PROSECUTE AND DENYING AS MOOT MOTIONS (ECF NOS. 86, 97)

Plaintiff Landis Cage ("Cage") filed this *pro se* § 1983 action against several Michigan Department of Corrections employees (collectively, "Defendants") alleging that they labeled him as a sex offender even though he has never been convicted of a sex crime.  *See generally* ECF No. 1.  Cage claims that in doing so, Defendants have violated his rights under the Fifth and Fourteenth Amendments.  *Id.* This matter was originally assigned to the Honorable Linda V. Parker, who referred all pretrial matters to Magistrate Judge Patricia T. Morris.  ECF No. 17.  On April 2,

2024, this case was reassigned from Judge Parker to the undersigned.  The Court re-referred all pretrial matters to Magistrate Judge Morris.  ECF No. 58.

On June 6, 2025, Defendants filed a Motion for Summary Judgment.  ECF No. 86.  On June 10, 2025, the Court ordered Cage to respond to the motion by July 2, 2025.  ECF No. 88.  On July 8, 2025, Cage filed a Motion for an Extension of Time to file his response—which Defendants did not oppose, and the Court granted.  *See* ECF Nos. 91, 92.  On September 22, 2025, Cage filed a letter from his psychiatric provider explaining that Cage was receiving "care for ongoing mental health treatment" and informing the Court that he may not be able to "review and complete documents within standard time frames."  ECF No. 93, PageID.755.  The letter requested additional time for Cage to process and complete required documents.  *Id*.

As a result, Magistrate Judge Morris stayed the case for Ninety (90) days "to give Cage an opportunity to either progress in his treatment and regain the ability to continue prosecuting this case *pro se* or to find counsel to represent him."  ECF No. 94, PageID.758.  Judge Morris specifically stated:

> ***Before the expiration of the stay***, **Cage must file either (1) a response to the pending motion for summary judgment containing his signature OR (2) an appearance from an attorney on his behalf.** If Cage fails to make such a filing before the expiration of the stay, then it will be recommended that the case be dismissed without prejudice for failure to prosecute.

*Id.* at PageID.759 (emphasis in original).  Subsequent to Magistrate Judge Morris's order, Cage filed a Motion to Appoint Counsel (ECF No. 95) which was denied without prejudice by the Court.  *See* ECF No. 96.  There, Magistrate Judge Morris noted that at early stages of the litigation, it is rare for the Court to appoint counsel until after dispositive motions are decided.  *Id.* at PageID.767.  Consequently, she denied the motion.  However, she again requested Cage respond to Defendants' motion for summary judgment or have an attorney file and appearance on his behalf before December 31, 2025.  *Id.*  On December 16, 2025, Cage filed another Motion for Appointment of Counsel (ECF No. 97).

On January 5, 2026, in a Report and Recommendation ("R&R"), Magistrate Judge Morris recommended that the Court deny Defendants' Motion and dismiss this case with prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).  *See generally* ECF No. 98.  At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R.  *Id.* at PageID.776-777.

As of the date of this order, January 30, 2026—25 days since the Magistrate Judge filed the R&R—none of the parties have filed objections to the R&R or contacted the Court to ask for more time to file objections.  The failure to object to an R&R releases the Court from its duty to independently review the matter.  *See*

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions").  Similarly, failure to object to an R&R forfeits any further right to appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because no objections to the R&R have been filed, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of dismissal is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED AS MOOT**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: January 30, 2026                    s/ Brandy R. McMillion
    Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                      United States District Judge